_ Curia, per Dunkin, Chancellor.’
This Court concur with the Chancellor in his judgment, that the defendant is not liable to account for rent during the possession of Gur-ganus and wife, nor on the other hand can he derive any exemption from payment of rent for any part of the premises cultivated by himself, because that part of the land was *303 cleared by Gurganus. This is a matter altogether between the complainants and Gurganus and wife, who are not before the Court; it must be presumed that it was settled between themselves. By the report of the commissioner, the defendant is charged with rent only for so much of the land as was cleared when Gurganus took possession. The complainant excepted to the report on the ground, that he should be charged for rent of all the land which he found cleared when he himself entered on the possession. This Court is of opinion that this exception was well founded and should have been sustained on the principle already indicated. The complainants do not seek to charge the defendant with any enhanced rent in consequence of land cleared or improvements made by himself, nor would they be permitted to do so under the principles recognised at the former hearing of this cause. Nor, on the other hand, is the defendant entitled to any compensation for the labor employed in clearing and enclosing the land. See Dellett vs. Whitner, Cheves Ch. Rep. 213. It is ordered and decreed that the decree of the Circuit Court be reformed, and that the report of the commissioner be recommitted, with instructions to conform the same the principles herein stated.
Wardlaw & Wardlaw, Defendant’s Solicitors.
Griffin. <fc Burt, Complainants Solicitors.
B. F. DUNKXN.